UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| TRAVIS D. WILSON<br>    LA. DOC #528621<br>VS. | CIVIL ACTION NO. 3:11-cv-1753<br><br>SECTION P<br><br>JUDGE ROBERT G. JAMES |
| EAST CARROLL DETENTION<br>CENTER, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Travis D. Wilson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 29, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Riverbend Detention Center (RDC), Lake Providence, Louisiana. Plaintiff complains that the defendants – East Carroll Parish Sheriff Shumate, RDC Warden Alvin Jones, and Assistant Warden Shaw – deprived plaintiff of a liberty interest when they failed to provide transportation for the plaintiff to his mother's funeral on July 8, 2011. Plaintiff prayed for money damages for "...psychological, mental anguish, emotional distress, pain and suffering..." and for a transfer to another facility. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as **FRIVOLOUS.**

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. 28 U.S.C. §§1915A and 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff has succinctly set forth his claim for relief. Further amendment is not necessary. Plaintiff's claims are patently frivolous.

**2. Funeral**

Plaintiff complains that he was not allowed to attend the funeral of his mother. Congress enacted 42 U.S.C. § 1983 as "a species of tort liability in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution." *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 305-06, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986).

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

Thus, to state a cause of action under 42 U.S.C. § 1983, the plaintiff must plead various elements including, the deprivation of a clear right, privilege or immunity secured to the plaintiff by the Constitution of the United States of America. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) ("inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a 'right secured by the Constitution and the laws'"). In addition, a plaintiff needs to establish that the act or omission by the defendant was intentional or at least deliberately indifferent to the Constitutional or Federal law rights of the plaintiff. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.1990); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir.1992) (deprivation can result from tortious conduct exceeding mere negligence but not quite rising to the level of intentional, e.g., deliberate (or conscious) indifference, recklessness or gross negligence), *reh'g granted* and opinion vacated by *Doe v. Taylor Independent School District*, 987 F.2d 231 (5th Cir.1993), on rehearing, *Doe v. Taylor Independent School District*, 15 F.3d 443, 450 (5th Cir.1994).  Finally, the plaintiff must show that he suffered actual injury. *Memphis Community School District v. Stachura*, 477 U.S.

299, 308, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249 (1986) (where there is no injury present, no compensatory damages can be awarded).

To the extent that plaintiff claims that he is entitled to judgment simply because he was not allowed to attend his mother's funeral, he fails to state a claim for which relief may be granted because he cannot establish the existence of a constitutional right. *See Verrone v. Jacobson*, No. 95 CIV. 10495(LAP), 1999 WL 163197, at *5 (S.D.N.Y.1999) (noting that "a prisoner does not have a protected right to attend the funeral of a relative"); *Butler v. Snyder*, 106 F.Supp.2d 589 (D.Del.,2000); *Green v. Coughlin*, 1995 WL 498808, at *1 (S.D.N.Y. Aug. 22, 1995) ("Generally, prison inmates do not have a constitutionally protected right under § 1983 to attend a funeral ..."); *Colon v. Sullivan*, 681 F.Supp. 222, 223 (S.D.N.Y.1988) (holding that denying a prisoner the opportunity to attend a relative's funeral does not violate a constitutionally protected liberty interest); *Mercer v. Green Haven Correctional Facility*, 1998 WL 85734 (S.D.N.Y.,1998).

While the court is sympathetic to the Plaintiff's desire to attend his mother's funeral, his claim that he was deprived of a Constitutionally protected right when prison officials did not allow him to do so is frivolous.

### 3. Title 42 U.S.C. §1997e

In addition, plaintiff's complaint is frivolous because he seeks damages for mental distress without having alleged any prior physical injury. Title 42 U.S.C.§1997e(e), provides"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The " 'physical injury' required by § 1997e(e) 'must be more than *de minimus* [sic], but need not be significant.' " *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)) (alteration in original).

Here, plaintiff has alleged no physical injury, nor can the undersigned imagine any physical injury which could have resulted from the facts alleged and therefore his claim is frivolous.

## *Conclusion and Recommendation*

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 13, 2012.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE